# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50161

STATE OF IDAHO, )
) Filed: July 21, 2023
      Plaintiff-Respondent, )
) Melanie Gagnepain, Clerk
v. )
) THIS IS AN UNPUBLISHED
TAJA DAWN NEWCOMB, ) OPINION AND SHALL NOT
) BE CITED AS AUTHORITY
      Defendant-Appellant. )
)

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of four years, for possession of a controlled substance with the intent to deliver, <u>affirmed</u>.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

    Taja Dawn Newcomb entered an *Alford*[1] plea to possession of a controlled substance with the intent to deliver. I.C. § 37-2732(a)(1)(A). In exchange for her guilty plea, additional charges were dismissed. The district court sentenced Newcomb to a unified term of ten years, with a minimum period of confinement of four years. Newcomb filed an I.C.R. 35 motion for reduction

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

of her sentence, which the district court denied.  Newcomb appeals, arguing that her sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Newcomb's judgment of conviction and sentence are affirmed.